[Civ. No. 14469. Fourth Dist., Div. One. Nov. 15, 1976.]

BONNIE LOUISE FORGY, Plaintiff and Respondent, v.
WILLIAM J. FORGY, Defendant and Appellant.

## COUNSEL

Hervey, Mitchell, Ashworth & Keeney, Gerald L. Barry, Jr., and Donald V. Snavely for Defendant and Appellant.

Luce, Forward, Hamilton & Scripps and Gerald S. Davee for Plaintiff and Respondent.

## OPINION

**COUGHLIN, J.**[*]—William J. Forgy, the former husband of Bonnie Louise Forgy, appeals from an order, in their divorce action, denying his motion to modify a previous award of spousal support premised on a separation agreement.

The agreement was executed on March 7, 1969, and was incorporated in an interlocutory judgment of divorce entered on October 22, 1969. In substance the agreement provided, and the court, in effect,[1] ordered the husband should pay his wife, monthly, as support and maintenance for herself, 33⅓ percent of his gross pay from the Navy plus an additional amount we need not consider; and upon his retirement the payments would become 40 percent of the husband's naval retirement pay plus an additional 10 percent of the husband's adjusted gross income for United States governmental purposes excluding retirement pay. The husband retired after entry of the final decree, which incorporated the provisions of the interlocutory decree.

[*]Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]The interlocutory judgment approved the separation agreement, incorporated it in the judgment and declared, "[T]he Court orders each of the parties hereto to perform all acts agreed to be performed by the respective parties in accordance with said Agreement . . .", i.e., the separation agreement.

██ In response to the husband's motion to modify, the court found the agreement was nonmodifiable and denied the motion on this ground.

At the time the agreement was executed and the interlocutory judgment was entered, former Civil Code section 139 (Stats. 1967, ch. 1308)[2] provided in pertinent part: "The provisions of any agreement or order for the support of either party (to a divorce action) shall be subject to subsequent modification or revocation by court order . . . except to the extent that any written agreement . . . specifically provides to the contrary."

The issue at bench is whether the separation agreement, specifically provides the support provisions thereof are not subject to modification by court order.

The wife directs our attention to provisions of the agreement she contends, as a whole, specifically provide the spousal support provisions of the agreement are not modifiable by court order. Exemplary are statements (1) the parties desire to settle now and forever all questions relating to the maintenance and support of the parties as well as all rights to property; (2) the consideration for the agreement is the mutual covenants therein contained; (3) each party waives and releases to the other any and all claims which he or she might have or claim against the other except as expressly provided or referred to in the agreement; (4) the parties by mutual agreement may modify the terms of the agreement, provided no such modification shall be valid unless in writing and executed by both parties; and (5) "[i]n the event that either the Husband or the Wife shall hereafter obtain a decree of absolute or limited divorce, such decree shall incorporate the provisions of this Agreement to the extent acceptable to the Court, but such decree shall in no way affect this Agreement or any of the terms, covenants, or conditions thereof, it being understood that this Agreement is absolute, unconditional and irrevocable."

The quoted provisions particularly pertain to the issue at hand. The whole thereof specifically refers to the action of a court granting a divorce decree respecting the terms, covenants and conditions of the separation agreement. The word "decree" used therein impliedly includes the orders embodied in the decree and any modification of those

---

[2]Civil Code section 139 has been superseded by Civil Code section 4811, subdivision (b), with identical provisions, which became effective January 1, 1970.

orders. Any other interpretation would permit the court to comply with the agreement in its "decree" but forthwith effect noncompliance therewith by a subsequent decree or order. As thus interpreted the agreement provides, a court decree incorporating its provisions and any modification thereof shall in no way affect the spousal support provisions thereof as to which the agreement "is absolute, unconditional and irrevocable." A modification of those provisions certainly would "affect" them and render nugatory the understanding of the parties the agreement was absolute and irrevocable.

■ To comply with the nonmodifiable provisions of section 139 it is not necessary the parties to a separation agreement state categorically: "The provisions of this agreement for support are not subject to modification or revocation by court order." To the contrary, "no particular magic words are needed" to provide the exception to modifiability contemplated by the statute (*In re Marriage of Wright,* 54 Cal.App.3d 1115, 1120 [126 Cal.Rptr. 894]; see also *In re Marriage of Smiley,* 53 Cal.App.3d 228, 233-234 [125 Cal.Rptr. 717]; *In re Marriage of Nicolaides,* 39 Cal.App.3d 192, 200, 202 [114 Cal.Rptr. 56]; *Rheuban* v. *Rheuban,* 238 Cal.App.2d 552, 556 [47 Cal.Rptr. 884]).

The wife filed a declaration in support of her contention the decree was not modifiable in which it was shown, among other things, she and her husband had been married 24 years when the separation agreement was executed; he was a career naval officer during all of that time, had become entitled to retire upon the expiration of 20 years but intended to remain in service until he had completed 30 years' service; at the time of separation she and her husband owned a 40-acre farm, worth approximately $22,000, subject to a mortgage of $8,000, and also owned several used automobiles, $667 in a savings account, miscellaneous items of personal property, several life insurance policies on the husband's life, and a vested interest in his retirement pay arising out of his 24 years of service; based on an anticipated 30 years of retirement service, the community interest in the anticipated pay approximated 80 percent, and her share would be 40 percent; by the separation agreement her husband received all of the real property acquired by them, all of the money in the savings account, a charter membership in a country club, two of the three vehicles they owned, and all of the retirement pay subject only to his obligation to pay her 40 percent thereof as stated in the agreement; she received a 1966 Lincoln automobile, some household furnishings and her claim for 40 percent of the retirement pay.

■ The court, over objection, considered the foregoing parts of the wife's declaration, which he referred to as the parts showing the actual division of the property between the parties, and did not consider other parts of the declaration. The objection was premised on the ground its consideration was a violation of the parol evidence rule. Contrary to the husband's contention, the action of the court was not error.

■ General rules governing the interpretation of a contract (see *Pacific Gas & E. Co.* v. *G. W. Thomas Drayage etc. Co.,* 69 Cal.2d 33, 37-40 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373]; *Harris* v. *Klure,* 205 Cal.App.2d 574, 577-578 [23 Cal.Rptr. 313]) apply to the interpretation of a separation agreement. In the agreement at bench the meaning of the terms "decree" and "affect" as applied to the issue at hand are subject to interpretation. Under these circumstances not only should the court determine the issue of nonmodifiability from the four corners of the agreement (*In re Marriage of Nicolaides, supra,* 39 Cal.App.3d 192, 202-203; *Stewart Title Co.* v. *Herbert,* 6 Cal.App.3d 957, 962 [96 Cal.Rptr. 631]), but also may consider pertinent extrinsic evidence in explanation of its terms (*In re Marriage of Wright, supra,* 54 Cal.App.3d 1115, 1121, 1121 fn. 10; *Tremayne* v. *Striepeke,* 262 Cal.App.2d 107, 115-116 [68 Cal.Rptr. 470]; *Hilton* v. *McNitt,* 200 Cal.App.2d 879, 885 [19 Cal.Rptr. 688]; see also *In re Marriage of Nicolaides, supra,* 39 Cal.App.3d 192, 201 fn. 3).

■ Evidence showing the extent and nature of the property subject to the agreement and the effect of that agreement thereon was admissible under the fundamental statutory rules that "[a] contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates" (Civ. Code, § 1647); and "[f]or the proper construction of an instrument, the circumstances under which it was made . . . may also be shown, so that the Judge be placed in the position of those whose language he is to interpret" (Code Civ. Proc. § 1860).

The order is affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.

A petition for a rehearing was denied November 30, 1976, and appellant's petition for a hearing by the Supreme Court was denied January 13, 1977.