[Civ. No. 18613. Fourth Dist., Div. One. Aug. 31, 1979.]

In re the Marriage of MYRTLE L. and BERNARD J. KILKENNY.
BERNARD J. KILKENNY, Appellant, v.
MYRTLE L. KILKENNY, Respondent.

COUNSEL

Ault, Midlam & Reynolds and Kevin Midlam for Appellant.

Milch, Wolfsheimer, Wagner & Schmidt and Andrew G. Wagner for Respondent.

OPINION

**BROWN (Gerald), P. J.**—Bernard J. Kilkenny appeals the order denying his request for modification of spousal support of $256 per month paid by him to his former wife, Myrtle Kilkenny.

Originally the support obligations were set out in a separation agreement executed in Connecticut in 1967. The agreement terms were characterized as "absolute, unconditional and irrevocable." This separation agreement was incorporated into the interlocutory and final decrees of dissolution granted in California in 1972 and 1973, respectively. In 1978 Bernard filed in California a motion for modification requesting a reduction in the amount of support paid to Myrtle. The trial court denied Bernard's motion, finding the agreement was not modifiable.

Bernard contends the separation agreement is modifiable because it was not specifically made nonmodifiable by its terms. The parties are in

conflict about whether Connecticut or California law should be used in determining modifiability. The resolution of the conflict of laws issue is unnecessary as the result is the same under both states' laws.

Connecticut general statutes provide: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said Court upon a showing of substantial change in the circumstances of either party." (Conn. Gen. Stat. (Rev. Jan. 1979) tit. 46b, § 46b-86 (formerly § 46-54). Thus, under Connecticut law, modification will not be allowed if precluded by a separation agreement which has become a part of the court decree. The intent of the parties governs (*McDonnell* v. *McDonnell* 166 Conn. 146 [348 A.2d 575, 577]; *Foley* v. *Foley,* 149 Conn. 469 [181 A.2d 607, 608-609]).

Under California law, modification of court orders contained in a final dissolution decree are governed by Civil Code section 4811, subdivision (b)[1] which requires there be a written or oral agreement in open court specifically providing the support agreement is not modifiable.

The question then becomes whether the term "absolute, unconditional and irrevocable" creates a specific prohibition to modification. No particular magic words are needed to provide the exception to modifiability contemplated by section 4811, subdivision (b) (*Forgy* v. *Forgy,* 63 Cal.App.3d 767, 771 [134 Cal.Rptr. 75]; *In re Marriage of Wright,* 54 Cal.App.3d 1115, 1120 [126 Cal.Rptr. 894]). In *Forgy* v. *Forgy, supra,* this court interpreted the exact language under very similar circumstances.

In *Forgy* the provision read: "In the event that either the husband or the wife shall hereafter obtain a decree of absolute or limited divorce, such decree shall incorporate the provisions of this Agreement to the extent acceptable to the Court, but such decree shall in no way affect this Agreement or any of the terms, covenants, or conditions thereof, it being understood that this Agreement is absolute, unconditional and irrevocable."

---

[1]The statute reads in part: ". . . The provisions of any agreement or order for the support of either party shall be subject to subsequent modification or revocation by court order, . . . except to the extent that any written agreement, or, if there is no written agreement, any oral agreement entered into in open court between the parties, specifically provides to the contrary."

The provision in the Kilkenny agreement reads: "It is the intention of the parties that this agreement, whether or not incorporated in any decree of divorce, shall be binding upon the parties, and shall be absolute, unconditional and irrevocable." The Kilkenny agreement presents an even stronger showing of nonmodificability than did *Forgy* because the parties more clearly stated their intent. The *Forgy* agreement was qualified to some extent by the requirement of acceptance by the court and prohibition of a court decree affecting the terms of the agreement. In the Kilkenny agreement such qualifiers are absent and the terms are directly made binding, absolute, unconditional and irrevocable. In this case, as in *Forgy,* the term "absolute, unconditional and irrevocable" as intended in the separation agreement prohibits modification of spousal support by later court decree. The amount of the support is not conditioned upon Bernard's ability to pay or on Myrtle's needs. There is little doubt should Bernard's ability to pay be greatly increased, rather than decreased, he would use the nonmodifiable features of the agreement to protect himself against a demand for an increase.

The order is affirmed.

Cologne, J., and Staniforth, J., concurred.