[Civ. No. 20223. Third Dist. May 21, 1981.]

JIMMIE FUKUZAKI, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
MASAE FUKUZAKI, Real Party in Interest.

COUNSEL

Stephen James Wagner and Desmond, Miller, Desmond & Bartholomew for Petitioner.

No appearance for Respondent.

Clarence D. Walters for Real Party in Interest.

OPINION

EVANS, J.—By this petition for writ of mandate, petitioner (Jimmie) seeks to nullify an order of respondent court holding a marital settlement agreement provision for spousal support was modifiable.

Jimmie and Masae separated in 1967, after 16 years of marriage. The parties signed a marital settlement agreement on the 26th day of November 1971. The agreement contained a spousal support provision and a further statement that the agreement was to be merged in the judgment of marital dissolution. On July 25, 1980, Masae secured an

order to show cause concerning modification of spousal support. Pursuant to stipulation of the parties, the court limited its initial hearing to the question of the right of the court to modify the spousal support award under the terms of the agreement. Following a hearing conducted virtually on briefs and an examination of the agreement, the court determined that it had jurisdiction to consider modification. This writ petition followed, and we issued our alternative writ.

Our resolution of the sole question presented is controlled by the provisions of Civil Code section 4811, subdivisions (a), (b), and (c), and paragraphs 4, 8, 10, and 17 of the marital settlement agreement.

The provisions of Civil Code section 4811, subdivisions (a), (b), and (c), provide as follows: "(a) The provisions of any agreement between the parties for child support shall be deemed to be separate and severable from all other provisions of such agreement relating to property and support of the wife or husband. All orders for child support shall be law-imposed and shall be made under the power of the court to make such orders. All such orders for child support, even when there has been an agreement between the parties on the subject of child support, may be modified or revoked at any time at the discretion of the court, except as to any amount that may have accrued prior to the date of filing of the notice of motion or order to show cause to modify or revoke.

"(b) The provisions of any agreement for the support of either party shall be deemed to be separate and severable from the provisions of the agreement relating to property. All orders for the support of either party based on such agreement shall be deemed law-imposed and shall be deemed made under the power of the court to make such orders. The provisions of any agreement or order for the support of either party shall be subject to subsequent modification or revocation by court order, except as to any amount that may have accrued prior to the date of filing of the notice of motion or order to show cause to modify or revoke, and except to the extent that any written agreement, or, if there is no written agreement, any oral agreement entered into in open court between the parties, *specifically provides* to the contrary. [Italics ours.]

"(c) This section shall be effective only with respect to property settlement agreements entered into on or after January 1, 1970, and shall not be deemed to affect agreements entered into prior thereto, as to which the provisions of Chapter 1308 of the Statutes of 1967 shall apply."

The pertinent provisions of the settlement agreement provide: "4. Purpose of Agreement. The purpose of this agreement is to make a final and complete settlement of all rights and obligations concerning the support of wife and minor child and the custody of our minor child.

"8. Agreement Is Entire. This agreement contains the entire agreement of the parties on the matters it covers, and supersedes any previous agreement between us. No other agreement, statement or promise made by or to either of us or the agent or representative of either of us shall be binding on us unless it is in writing and signed by both of us or unless contained in an order of a court of competent jurisdiction. This agreement shall inure to the benefit of and be binding on each of us and the heirs, personal representatives, assigns and other successors in interest of each of us.

"10. Incorporation and Merger Into Judgment. This agreement shall be submitted to the court for incorporation and merger into the interlocutory judgment of dissolution of marriage in the pending proceeding between us.

"17. Release of Rights. We agree that the following clauses shall apply to this instrument:

"(a) Except as otherwise provided for in this instrument, each of us releases the other from any and all liabilities, debts, or obligations on our marital property that have been or will be incurred, and from any and all claims and demands, it being understood that by this present agreement we intend to settle all aspects of our marital property rights.

"(b) We agree that any and all property acquired by either one of us from and after the effective date of this instrument shall be the sole and separate property of the one so acquiring it; and each of us waives any and all property rights in or to such future acquisitions and hereby grants to the other all such future acquisitions of property as the sole and separate property of the one so acquiring the same from the effective date of this instrument...."

■ The question is whether the settlement agreement "specifically" precludes modification by the court of the original support order. Only the use of specific language in an agreement may effect avoidance of the general rule of Civil Code section 4811 that "The provisions of any agreement for the support of either party shall be deemed to be sepa-

rate and severable ... law-imposed [obligations] deemed made under the power of the court to make such orders [and thus] subject to subsequent modification or revocation by court order ...."

Although petitioner's argument in favor of lack of jurisdiction to modify is extensive, an elaborate disposition of the issue is not required. The agreement clearly does not conform with the requirement of Civil Code section 4811 that to avoid the power of the court to modify an agreement, it must be specifically so provided. The paragraph of the agreement providing for spousal support is silent on the question of modification as are the quoted paragraphs relied upon by the petitioner.

The provisions for a "final and complete" settlement coupled with a release of all obligations and a provision that the agreement is entire and binding on the parties and their heirs do not equate with the requirement of a "specific" provision for nonmodification such as "nonmodifiable" (*In re Marriage of Aylesworth* (1980) 106 Cal.App.3d 869, 873 [165 Cal.Rptr. 389]), or "irrevocable" (*In re Marriage of Kilkenny* (1979) 96 Cal.App.3d 617, 619 [158 Cal.Rptr. 158]). Although no particular magic words are needed to provide the exception to nonmodifiability contemplated by section 4811, subdivision (b), some specific unequivocal language directly on the question of modification is required. The subject agreement is entirely silent with respect to the power of modification placed on the court by Civil Code section 4811. The import of the statute may not be "avoided by drawing inferences as to the intention of the parties" from general provisions of the agreement which do not contain a specific provision concerning judicial modification. (*In re Marriage of Nielsen* (1980) 100 Cal.App.3d 874, 878 [161 Cal.Rptr. 272].)

The alternative writ of mandate is discharged, and the petition for writ of mandamus is denied.

Puglia, P. J., and Reynoso, J., concurred.