[Civ. No. 67196. Second Dist., Div. Four. July 18, 1983.]

In re the Marriage of JANET EDNA and JOHN ROBERT BENNETT.
JOHN ROBERT BENNETT, Appellant, v.
JANET EDNA BENNETT, Respondent.

**COUNSEL**

O'Meara & Smith and Herbert J. O'Meara for Appellant.

Pike, Wilson & Cosso and George Pike for Respondent.

OPINION

LACHS, J.*—John Bennett (Appellant, hereinafter former husband) and Janet Bennett (Respondent, hereinafter former wife) were married in 1949. On April 18, 1969, they executed a marital settlement agreement which was approved and incorporated into the interlocutory judgment of dissolution on January 16, 1970. The agreement contained the following provision for support for former wife.

"Husband shall pay to Wife for her support, maintenance and as alimony, the following sums of money:

". . . . . . . . . . . . . . . . . . . . . . . .

"b. $500 per month, payable one-half on the 1st and one-half on the 15th days of each and every month, commencing with the month immediately following the sale of the aforesaid residence. The obligation of the Husband to pay the sum of $500 per month, as alimony, as set forth in this sub-paragraph b., shall be non-modifiable and it is expressly agreed between the parties hereto that no Court shall have jurisdiction to modify said sum in any way nor to modify any judgment awarding alimony in conformity with the provisions of this Agreement.

"The obligation to pay the hereinabove described support, maintenance and alimony shall terminate on the earliest to happen of the following events:

"a. Remarriage of Wife.

"b. Death of Wife.

"c. Death of Husband."

On July 29, 1980, former husband filed an order to show cause for modification, termination or revocation of spousal support. The court denied former husband's request, finding that the marital settlement agreement and interlocutory judgment were not modifiable, revocable or terminable.

Husband appeals, arguing that the marital settlement agreement is revocable because it did not specifically provide that it could not be revoked. He contends that Civil Code 4811, subdivision (b) requires an express pro-

---

*Assigned by the Chairperson of the Judicial Council.

vision excluding both modification and revocation, if the provisions of the agreement are not to be subject to change by judicial act. We disagree.

Civil Code 4811, subdivision (b), operative January 1, 1970, provides as follows: "The provisions of any agreement for the support of either party shall be deemed to be separate and severable from the provisions of the agreement relating to property. All orders for the support of either party based on such agreement shall be deemed law-imposed and shall be deemed made under the power of the court to make such orders. *The provisions of any agreement or order for the support of either party shall be subject to subsequent modification or revocation by court order,* except as to any amount that may have accrued prior to the date of filing of the notice of motion or order to show cause to modify or revoke, and *except to the extent that any written agreement, or, if there is no written agreement, any oral agreement entered into in open court between the parties, specifically provides to the contrary.*" (Italics added.)

I

Husband contends on appeal ". . . that because of ambiguity in the agreement, the spousal support provision is subject to modification. . . ." We find no ambiguity in the support provision of the agreement concerning modification. It would be difficult to find any language less ambiguous than that used by these parties.

II

Husband's major contention is that the agreement does not "specifically" provide that it is not revocable and thus it is revocable or terminable.

The agreement is not terminable by court order. The marital settlement agreement sets forth the three events which will result in termination of former husband's obligation. No provision was included which would allow for either party to seek a court-ordered termination based upon a change of circumstances or for any other reason.

This case differs little from *In re Marriage of Harris* (1976) 65 Cal. App.3d 143 [134 Cal.Rptr. 891]. There, the former husband moved to terminate spousal support provided for in an agreement which was nonmodifiable. ". . .[F]ormer husband makes the argument that there is a difference between modification and termination and that the parties' agreement that the spousal support payments would not be modifiable on any ground does not preclude their being terminated. In the circumstances of this case, we reject this argument. We recognize, of course, that the word 'termination'

is susceptible to a different meaning than the word 'modification.' However, 'modification' is the broader term and encompasses the term 'termination.' In the context of the case at bench 'termination' is nothing more than a 'modification' to zero." (*Id.* at p. 152.)

In the instant case, former husband asks the court to revoke rather than terminate his spousal support obligation. We realize that, in practical terms, revocation, termination, and modification are frequently used interchangeably. (The provisions of a marital agreement designated "irrevocable" were held to be "nonmodifiable" in *In re Marriage of Kilkenny* (1979) 96 Cal.App.3d 617, 619 [158 Cal.Rptr. 158], and *Forgy* v. *Forgy* (1976) 63 Cal.App.3d 767, 771 [134 Cal.Rptr. 75].) At the same time, we understand, as did the *Harris* court, that each of these words has a different meaning.

However, the ultimate relief sought by former husband is exactly the same as was sought in *Harris* whatever label is used, namely, an end to his obligation to support his former wife. We are persuaded by the reasoning of the *Harris* court and find that former husband is precluded by his agreement from seeking revocation, termination or modification of his obligation for spousal support.

The judgment is affirmed.

McClosky, Acting P. J., and Amerian, J., concurred.