35 Cal.App.4th 785 (1995)
41 Cal. Rptr.2d 506
In re the Marriage of LINDA D. and RICHARD E. BROWN.
LINDA A. DRESSER, Appellant,
v.
RICHARD E. BROWN, Respondent.
Docket No. D020440.
Court of Appeals of California, Fourth District, Division One.
May 31, 1995.
*787 COUNSEL
Charles K. Bell for Appellant.
Roy B. Garrett for Respondent.
OPINION
KREMER, P.J.
Linda A. Dresser (formerly Linda D. Brown) appeals an order denying her request to modify spousal support. She contends the superior court erred in concluding it lacked jurisdiction to extend the duration of Richard E. Brown's spousal support obligation beyond the 60-month limit set forth in the judgment of dissolution incorporating the parties' marital settlement agreement (Agreement). We reverse the order and direct the superior court to entertain further proceedings to determine the merits of the motion for modification of spousal support.

I

FACTUAL AND PROCEDURAL BACKGROUND
In May 1987 the parties separated after a 14-year marriage.
In June 1988 the parties signed the Agreement prepared by Linda's attorney.[1] The Agreement provided Richard would pay Linda $2,000 monthly spousal support for 60 months beginning after sale of their residence and Linda's relocation to a new home. The Agreement and the judgment of dissolution entered in November 1988 incorporating the Agreement also provided: "After the payment of the 60th installment of $2,000.00 after the sale of the subject residence, [Richard's] obligation to pay spousal support to [Linda] shall terminate forever and no Court shall have any jurisdiction to extend the within award of spousal support either as to amount or duration after said date."

II

LINDA'S MOTION TO MODIFY SPOUSAL SUPPORT
In April 1993  before expiration of the 60-month period specified in the Agreement  Linda asked the superior court to extend the duration of spousal support beyond that period until further order of the court. Linda *788 contended the Agreement at least implicitly provided the court with jurisdiction before expiration of the 60-month period to extend spousal support beyond such time. Richard opposed Linda's motion to modify spousal support.
In August 1993 Linda's motion to extend the duration of spousal support came for hearing. After hearing, the court denied Linda's request as beyond its jurisdiction.[2] Linda appeals.

III

DISCUSSION
(1a) Linda contends the superior court should have concluded it retained jurisdiction to modify and extend the duration of the spousal support award beyond the 60-month period. Citing former section 4811, subdivision (b), Linda asserts the Agreement's language did not specifically preclude court modification  before Richard's payment of the 60th installment  of the amount or duration of spousal support. Instead, according to Linda, under the Agreement and the judgment, the court at least implicitly retained jurisdiction before the specified spousal support termination date to extend the duration of such support beyond such time. We agree. Since the Agreement did not contain specific language expressly terminating  before expiration of the 60-month period  jurisdiction to extend the duration of spousal support beyond the 60-month limit, the superior court erred in concluding it lacked jurisdiction to determine the merits of Linda's motion for modification. (In re Marriage of Vomacka (1984) 36 Cal.3d 459 [204 Cal. Rptr. 568, 683 P.2d 248]; In re Marriage of Jones (1990) 222 Cal. App.3d 505 [271 Cal. Rptr. 761]; former §§ 4801, subd. (d), 4811, subd. (b).)[3]
"The California Supreme Court has interpreted Civil Code section 4811, subdivision (b) as `permit[ting] the parties to agree that the provisions of any *789 agreement or order for the support of either party shall not be subject to subsequent modification or revocation by court order.' [Citation.]" (In re Marriage of Zlatnik (1988) 197 Cal. App.3d 1284, 1287 [243 Cal. Rptr. 454], fn. omitted, citing In re Marriage of Vomacka, supra, 36 Cal.3d at pp. 462-463.) However, the statute "preserves court jurisdiction to modify a support order unless the contrary is provided by a written agreement." (In re Marriage of Jones, supra, 222 Cal. App.3d at p. 509.) Further, former section 4801, subdivision (d), "relates to the court's jurisdiction to extend support past the termination date provided in an original order." (In re Marriage of Jones, supra, at p. 509.) "A court retains jurisdiction to extend the support term when the marriage has been of long duration unless the agreement specifically provides to the contrary." (Id. at p. 514.)[4]
In 1987 the Legislature added the following language to former section 4801, subdivision (d): "`Except upon written agreement of the parties to the contrary or a court order terminating spousal support, the court retains jurisdiction indefinitely where the marriage has been of long duration.'" (In re Marriage of Jones, supra, 222 Cal. App.3d at p. 513.) "On its face, this amendment would seem to incorporate the requirement of section 4811, subdivision (b) into 4801, subdivision (d). Under 4811, subdivision (b) jurisdiction to modify is retained unless the parties `specifically provide[] to the contrary.' Under section 4801, subdivision (d) where a `marriage of long duration' is involved ..., jurisdiction to extend the support term is maintained unless there is a written agreement `to the contrary.'" (In re Marriage of Jones, supra, at pp. 513-514.) In Jones we concluded that by such statutory amendment "the Legislature intended to adopt, for purposes of deprivation of jurisdiction to extend, in the case of marriages of long duration, the same requirements that had long been in force for deprivation of jurisdiction to modify[.]" (Id. at p. 514.) Hence, in this case indisputably involving a marriage of long duration, we conclude that before expiration of *790 the 60-month period the court retained jurisdiction to extend the support term beyond such time since neither the Agreement nor the judgment specifically provided to the contrary. (Ibid.)
Although a trial court may not extend spousal support where a judgment based on the parties' agreement "expressly terminates the court's jurisdiction to do so," explicit language is required to terminate such jurisdiction. (In re Marriage of Zlatnik, supra, 197 Cal. App.3d at pp. 1288, 1290, fn. 7; accord, In re Marriage of Vomacka, supra, 36 Cal.3d at p. 465; In re Marriage of Jones, supra, 222 Cal. App.3d at p. 512.) Further, any "ambiguity in the language of a marital property agreement ... must be decided in favor of the right to spousal support." (In re Marriage of Vomacka, supra, at p. 469.)[5]
Here the Agreement and the judgment did not contain explicit language precluding  before expiration of the 60-month period  court modification of the spousal support award to extend its duration beyond that time. (In re Marriage of Jones, supra, 222 Cal. App.3d at p. 514.) Instead, similar to the situation in Jones, the provisions of the Agreement and the judgment here "were simply for a specified monthly support amount for a period of years, and a flat statement of termination on a date certain." (Id. at p. 512.) Further, the Agreement expressly contemplated the court would retain jurisdiction to determine a motion to modify spousal support before expiration of the 60-month period.[6] Moreover, the language in the Agreement and the judgment stating that after Richard's payment of the 60th installment no court would have jurisdiction to extend the amount or duration of spousal support implicitly and necessarily acknowledged the court retained jurisdiction to modify those support matters before expiration of the 60-month period. (In re Marriage of Vomacka, supra, 36 Cal.3d at pp. 470-471, 474; §§ 1638, 1641, 1644.)
(2) "[L]anguage in a spousal support order suggesting that modification of its terms will be permitted is routinely interpreted as a retention of the court's fundamental jurisdiction to modify and, upon a proper factual showing, to extend the spousal support provisions contained therein." (In re Marriage of Vomacka, supra, 36 Cal.3d at p. 470.) Where, as here, "jurisdiction to award, or grant requests for, spousal support is reserved until a *791 specified date the court has fundamental jurisdiction until that date to take new action concerning such support. Such new judicial action may include an extension of spousal support beyond the last date the court can act." (Id. at p. 474.) (1b) Here the court's retention of jurisdiction until expiration of the 60-month period to hear motions regarding spousal support implied that the court retained power to grant those requests. (Id. at p. 471.) A conclusion the court lacked jurisdiction to award spousal support past such date would render "meaningless" its retention of jurisdiction until that time to hear requests for support. (Ibid.) Hence, the court's retention of jurisdiction  until expiration of the 60-month period  to modify the spousal support provisions of the dissolution judgment included retention of "fundamental jurisdiction" to extend the duration of spousal support payments beyond that time. (Ibid.)[7]
In sum, the language of the Agreement and the judgment did not expressly divest the superior court of jurisdiction  before expiration of the 60-month period  to modify and extend the duration of spousal support beyond that time. Since there was no provision specifically precluding such judicial extension of the duration of spousal support, the superior court should have concluded that before such time it retained jurisdiction to determine the merits of Linda's motion for modification. (In re Marriage of Vomacka, supra, 36 Cal.3d at pp. 470-471, 474; In re Marriage of Jones, supra, 222 Cal. App.3d at pp. 513-514; former §§ 4801, subd. (d), 4811, subd. (b).) Thus, the order denying Linda's motion for lack of jurisdiction must be reversed.[8]

*792 DISPOSITION
The order is reversed. The superior court is directed to entertain further proceedings to determine the merits of appellant's motion to modify spousal support. Appellant is awarded costs on appeal.
Haller, J., and Hoffman, J.,[*] concurred.
NOTES
[1] For purposes of clarity, we refer to the parties by their first names.
[2] The superior court characterized the matter as involving "solely" the legal issue whether the language of the judgment and the Agreement vested the court with continuing jurisdiction to extend spousal support beyond the 60-month period. Finding the Agreement's language was "explicit enough" to meet the requirements of former Civil Code section 4801, subdivision (d), the court concluded such language terminated jurisdiction to extend support beyond the 60-month limit. Thus, the court did not reach the merits of Linda's request to modify spousal support.

All statutory references are to the Civil Code unless otherwise specified.
[3] Former section 4811, subdivision (b), provided: "The provisions of any agreement for the support of either party shall be deemed to be separate and severable from the provisions of the agreement relating to property. All orders for the support of either party based on the agreement shall be deemed law-imposed and shall be deemed made under the power of the court to make the orders. The provisions of any agreement or order for the support of either party shall be subject to subsequent modification or revocation by court order ... except to the extent that any written agreement ... specifically provides to the contrary."

Former section 4801, subdivision (d), provided in part: "An order for payment of an allowance for the support of one of the parties shall terminate at the end of the period specified in the order and shall not be extended unless the court in its original order retains jurisdiction. Except upon written agreement of the parties to the contrary or a court order terminating spousal support, the court retains jurisdiction indefinitely where the marriage has been of long duration."
[4] In In re Marriage of Jones, supra, 222 Cal. App.3d 505, we observed: "A line of cases best illustrated by In re Marriage of Vomacka, supra, 36 Cal.3d 459 read the provisions of section 4811 together with 4801 and reached the conclusion that, to be effective, language in a marital agreement intended to preclude jurisdiction to extend support had to be stated rather explicitly. Implications drawn from the agreement suggesting possible intention to reserve jurisdiction would be favored." (In re Marriage of Jones, supra, at p. 512.)
[5] The specific rule for interpreting marital property agreements in favor of the right to spousal support must prevail here over section 1654's general rule of construing any uncertainty in contractual language against the party who caused such uncertainty to exist.
[6] Specifically, the Agreement provided: "In the event that any subsequent issues arise relating to support or modification, either party shall have the right to seek, and the other agrees to deliver, copies and appropriate authorizations for subsequent separate income tax returns."
[7] In In re Marriage of Vomacka, supra, 36 Cal.3d 459, the parties stipulated to an interlocutory judgment providing the court would retain jurisdiction regarding spousal support until September 1, 1984, at which time the wife's right to request spousal support from the husband would "terminate forever." (Id. at pp. 461-462.) The Supreme Court analyzed the judgment's language in accord with several policies favoring an interpretation resulting in retention of jurisdiction, to wit, "disfavoring the absolute termination of spousal support without a determination that the supported spouse can become self-supporting; interpreting ambiguous spousal support agreements and orders in favor of support; and the fundamental jurisdiction of trial courts to modify existing spousal support orders to extend support payments past the last date they can act." (Id. at pp. 467, 474.) The Supreme Court concluded the superior court's "retention of jurisdiction until September 1, 1984, to modify the spousal support provisions of the interlocutory decree necessarily included a retention of its fundamental jurisdiction to extend spousal support payments beyond that date." (Id. at p. 471.)
[8] Linda seeks attorney fees on appeal. However, we do not reach that issue since such request should be made in the first instance to the superior court. (In re Marriage of Davis (1983) 141 Cal. App.3d 71, 78 [190 Cal. Rptr. 104].)
[*] Judge of the San Diego Superior Court sitting under assignment by the Chairperson of the Judicial Council.