Opinion
 

 MORRISON, J.
 

 Husband appeals from an order awarding spousal support five years after entry of judgment of dissolution. He contends that since no spousal support was ordered at the time of dissolution, and there was no express reservation of jurisdiction over spousal support, the trial court lacked jurisdiction to later award such support. We shall affirm.
 

 Facts
 

 Husband and wife separated in July 1989, after 24 years of marriage. In her petition for dissolution, wife requested spousal support “(only if contested)." In her declaration in support of a default dissolution, she requested the court to reserve jurisdiction to award her future spousal support. The court subsequently entered a judgment of dissolution pursuant to the parties’ written stipulation. The attached stipulation declared that the parties wished to “resolve the issues related to support, custody, and division of property
 
 *65
 
 . . . The stipulation provided for child support until the parties’ younger daughter reached age 21. The stipulation did not specifically refer to spousal support and did not mention the court’s jurisdiction over spousal support issues. When the period for child support expired, five years after entry of the judgment of dissolution, wife obtained an order for spousal support, from which husband now appeals.
 

 The trial court found that since the marriage was of long duration, pursuant to Family Code section 4336 the court had retained jurisdiction to consider the issue of spousal support. The court specifically found that no express language was required to reserve jurisdiction.
 

 Discussion
 

 Family Code section 4336 entitled Retention of Jurisdiction provides in relevant part: “Except on written agreement of the parties to the contrary or a court order terminating spousal support, the court retains jurisdiction indefinitely in a proceeding for dissolution of marriage . . . where the marriage is of long duration.”
 
 [1]
 

 Husband asserts that, despite the language of the statute, the Legislature intended the retained jurisdiction of Family Code section 4336 to arise only for modification of a prior support award.
 
 [2]
 
 However, nothing in the statutory language permits such an interpretation. “When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it.”
 
 (In re Marriage of Wight
 
 (1989) 215 Cal.App.3d 1590, 1595 [264 Cal.Rptr. 508].)
 

 Family Code section 4336, subdivision (a) is clear and unambiguous in providing two mechanisms for divesting the court of its jurisdiction over spousal support issues in cases of long-term marriages. The parties may
 
 *66
 
 agree to such termination, or the court may order it. In either case, only specific language of termination will divest the court of its fundamental jurisdiction.
 
 (In re Marriage of Jones
 
 (1990) 222 Cal.App.3d 505, 512 [271 Cal.Rptr. 761] [applying former Civil Code section 4801, subdivision (d)];
 
 In re Marriage of Ousterman
 
 (1996) 46 Cal.App.4th 1090, 1097 [54 Cal.Rptr.2d 403]; see also
 
 In re Marriage of Brown
 
 (1995) 35 Cal.App.4th 785, 789-790 [41 Cal.Rptr.2d 506] [where no specific reference to preclusion of retained jurisdiction, court had jurisdiction to extend support beyond specified termination date].) Contrary to husband’s argument, under Family Code section 4336 retention of jurisdiction is the rule; it is divestment of jurisdiction which requires an affirmative act.
 

 Here, neither a court order nor a written agreement purports to divest the court of continuing jurisdiction over spousal support issues. The trial court correctly concluded that it retained jurisdiction to determine whether support should be awarded.
 

 Disposition
 

 The order is affirmed.
 

 Blease, Acting P. J., and Raye, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied April 23, 1997. Baxter, J., was of the opinion that the petition should be granted.
 

 [1]
 

 Family Code section 4336 declares: “(a) Except on written agreement of the parties to the contrary or a court order terminating spousal support, the court retains jurisdiction indefinitely in a proceeding for dissolution of marriage or for legal separation of the parties where the marriage is of long duration. [¶ (b) For the purpose of retaining jurisdiction, there is a presumption affecting the burden of producing evidence that a marriage of 10 years or more, from the date of marriage to the date of separation, is a marriage of long duration. . . . [¶ (c) Nothing in this section limits the court’s discretion to terminate spousal support in later proceedings on a showing of changed circumstances. [¶ (d) This section applies to the following: [¶D (1) A proceeding filed on or after January 1, 1988. [¶ (2) A proceeding pending on January 1, 1988, in which the court has not entered a permanent spousal support order or in which the court order is subject to modification.”
 

 [2]
 

 FamiIy Code section 4336 continues, without substantive change, the provisions of former Civil Code section 4801, subdivision (d), as amended in 1987. (See Cal. Law Revision Com. com., Deering’s Ann. Fam. Code (1996) § 4336, p. 70.)