Filed 1/27/15  Marriage of Rush CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of RAMAUL and CYNTHIA D. RUSH. | 2d Civil No. B253478 (Super. Ct. No. D346247) (Ventura County) |
| RAMAUL RUSH,     Appellant, v. CYNTHIA D. RUSH,     Respondent. | |

Ramaul Rush (husband) appeals from a November 4, 2013 post-judgment order awarding Cynthia D. Rush (wife) spousal support.  (Fam. Code § 4330.)[1]   Husband claims that the trial abused its discretion in awarding support after the marriage was dissolved in 2012.  We affirm.

On September 13, 2012, husband obtained a default judgment of dissolution, dissolving his 30 plus year marriage with wife.  Although the judgment made no provision for spousal support, the court reserved jurisdiction on support.

_____

[1] All statutory references are to the Family Code unless otherwise stated.

Wife filed a motion to "modify" support a year later because she was disabled and unable to pay rent. Wife declared that her expenses were $1,381 a month, that she received $1,063 a month disability income, and that she made approximately $240 a month baby sitting and doing senior care. Wife took medication for a heart condition, diabetes, high blood pressure, cholesterol, and pain, and had had surgeries on both arms and her right elbow and wrist. Husband was employed at the Los Angeles County Department of Child Services and stated this his gross income, with overtime, was approximately $95,000 a year.

The trial found that it was a long term marriage (30 plus years) and that wife was in need of support. Husband was ordered to pay $500 a month for the months November and December 2013 and January 2013. Commencing February 1, 2014, husband was ordered to pay $950 a month support until further order of the court or termination by operation of law. (§ 4337.)

Husband filed a motion for reconsideration.[2] Wife was in and out of the hospital but appeared on December 30, 2013, to oppose the motion. Wife testified that she owned no real property, that she rented from her nephew, and that she lacked the funds to pay the last four months rent. Husband claimed that his gross income was $85,000 rather than $95,000. The trial court denied the motion for reconsideration.

*Long Term Marriage - Reserved Jurisdiction*

Husband argues that the trial court lacked jurisdiction to award spousal support after the judgment was entered. Jurisdiction, however, was reserved by operation of law. Section 4336, subdivision (a) provides: "Except on written agreement of the parties to the contrary or a court order terminating spousal support, the court retains jurisdiction indefinitely in a proceeding for dissolution of marriage or for legal separation of the parties where the marriage is of long duration." A marriage of ten years is marriage of long duration. (§ 4336, subd. (b).) "Contrary to husband's argument, under

_____

[2] Husband also filed a Code of Civil Procedure section 170.6 affidavit to disqualify the trial judge which was denied as untimely.

Family Code section 4336 retention of jurisdiction is the rule; it is divestment of jurisdiction which requires an affirmative act."   (*Marriage of Ostrander* (1997) 53 Cal.App.4th 63, 65 [trial court retained jurisdiction pursuant to section 4436 to award support five years after judgment].)

*Fraud, Mistake, or Failure to Disclose*

Husband complains that wife's motion to "modify" support was improper because there was no prior order for support.  The argument exalts form over substance.  Regardless of the label of the motion, husband was on notice that wife was seeking support.

Husband argues that a trial court may not set aside a judgment absent fraud, duress or mistake (Code Civ. Proc.,§ 473) or a timely showing that husband failed to disclose (§§ 2121, subd. (b); 2122).  Wife was not trying to set aside the judgment but modifying it to provide for spousal support based on change of circumstances.  The trial court did not abuse its discretion in finding that wife was in need of support and husband had the income to pay it.

The judgment (order awarding spousal support) is affirmed.  Wife is awarded costs on appeal.

NOT TO BE PUBLISHED.

                                        YEGAN, J.

We concur:


        GILBERT, P.J.


        PERREN, J.

William Q. Liebman, Judge

Superior Court County of Ventura

_____

Ramaul Rush, in Pro Per, Appellant.


No appearance for Respondent.