Filed 2/11/16  Marriage of Savin CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of ALFREDO and GLORIA SAVIN. | |
| ALFREDO SAVIN, Appellant, v. GLORIA SAVIN, Respondent. | E060135 (Super.Ct.No. RID210574) O P I N I O N |

APPEAL from the Superior Court of Riverside County.  Walter H. Kubelun, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Alfredo Savin, in pro. per.; Frank O. Tetley for Appellant.

Law Offices of Evan L. Ginsburg and Evan L. Ginsburg for Respondent.

## I.  INTRODUCTION

Appellant, Alfredo Savin (Alfredo), appeals from the September 25, 2013, order

of the family court (1) granting him fewer payment credits than he claimed against his

1

accrued arrearage for unpaid child and spousal support, (2) retroactively modifying his child and spousal support obligations effective February 1, 2013, rather than to January 1, 2011, when he claims he became unemployed, and (3) finding that his monthly income was $4,700 and imputing the minimum wage to his former spouse, respondent, Gloria Savin (Gloria), for purposes of modifying his child support obligation.

Alfredo claims the court erroneously relied on "false representations" by Gloria, her counsel Evan L. Ginsburg, and the Department of Child Support Services (DCSS) in refusing to reduce his "alleged arrearage" to zero, and "ignored" "physical evidence" he produced of additional support payments he made. He also claims the court erroneously determined that he received $4,700 in monthly income, erroneously refused to impute more than the minimum wage to Gloria, and erroneously ordered that his child support obligation be modified retroactive to January 1, 2011, rather than to February 1, 2013.

We reject each of Alfredo's claims and affirm the September 25, 2013, order. For the most part, Alfredo has failed to designate an adequate record on appeal to support his claims. The record consists of a four-volume appellant's appendix and a single-volume respondent's appendix, but no reporter's transcripts of any hearings, including the September 17 hearing underlying the September 25, 2013, order, at which both parties appeared and gave testimony. The record is extensive and confusing, and appears to omit evidence considered at the September 17 hearing. The record plainly shows that the parties engaged in extensive and protracted litigation in the family court between 2005 and 2013, and that the litigation concerned a range of property- and income-related

2

issues, but much of that litigation is irrelevant to the arrearage payment, income, and child support modification issues determined in the September 25, 2013, order.

## II.  ALFREDO'S REQUESTS FOR JUDICIAL NOTICE ARE DENIED

In two requests filed on May 23, 2014, and October 6, 2014, Alfredo asked that this court take judicial notice of a plethora of documents not included in the appendices. The two-volume May 23 request includes 99 documents, and the single-volume October 6 request includes five documents.  Gloria opposes most of the requests.  We decline to take judicial notice of any of the proffered documents.

The documents include, among other things, numerous unauthenticated letters, recorded deeds, subpoenas, and federal and state court filings.  Some of the documents were filed in the present action, but there is no showing that any of the documents were presented to or considered by the family law court in connection with the September 25, 2013, order.  For this reason, we decline to take judicial notice of any of the documents. (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2 [absent exceptional circumstances, reviewing courts generally do not take judicial notice of evidence not presented to the trial court]; *Brosterhous v. State Bar* (1995) 12 Cal.4th 315, 325-326 [appellate court may properly decline to take judicial notice under Evid. Code, §§ 452 & 459 of matter which should have been but was not presented to the trial court for its consideration in the first instance]; *City of Oakland v. Hassey* (2008) 163 Cal.App.4th 1477, 1488, fn. 5 [same].)

3

## III. RELEVANT BACKGROUND

Alfredo and Gloria were married in 1982 and separated in 2005. On June 21 2005, Alfredo petitioned for dissolution of the marriage. There were four minor children of the marriage, born between 1990 and 2002. The marriage was terminated on June 27, 2007, but the parties continued to litigate a range of property- and support-related issues.

On March 14, 2006, the court ordered Alfredo to pay Gloria $1,757 per month in child support and $525 per month in spousal support. The order was made retroactive to January 1, 2006. Alfredo was already behind in his child and spousal support payments at the time the order was made.

In November 2009, Alfredo filed what appears to be the first in a series of motions to modify his spousal and child support obligations. Following a January 7, 2010, hearing, the court reduced Alfredo's spousal support obligation from $525 to $427 per month, reduced his child support obligation from $1,757 to $1,325 per month, and made the modifications retroactive to December 15, 2009. The child support payments for each child were ordered made until the child reached the age of 18 and no longer attended high school, reached the age of 19, became emancipated, married, or died.

In February 2010, DCSS notified Alfredo that it was the substitute payee for his child and spousal support obligations and all "arrears payments." On May 6, 2010, DCSS notified Alfredo he was $57,694.18 in arrears in his child and spousal support payments combined. In July 2011, the court dismissed DCSS from the case and assigned "all support issues" to Gloria's counsel, the Law Offices of Evan L. Ginsburg.

4

On June 29, 2012, Alfredo filed a *motion to determine the amount of his child and spoual support arrearage*, claiming he was only $2,204 in arrears through May 30, 2012, not $55,457 in arrears as Gloria claimed. He asserted that DCSS's claim that he was $57,694.18 in arrears as of May 6, 2010, was based on a "profoundly incorrect" payment history provided by Gloria. He attached his own payment history showing payments he claimed he made to Gloria or DCSS, but he did not include copies of any cancelled checks or other receipts to support his payment history. He asked the court to reduce his "alleged arrearage" to zero. He complained that DCSS had placed an "arrearage hold" on his state contractor's license, which prevented him from earning a living, and that DCSS had also prevented him from taking the "Baby Bar" and advancing to his next year of law school.

In October 2012, the parties and the court signed a stipulation and order, agreeing to reduce Alfredo's "total support arrearage [to] $10,000," "without prejudice," in order to allow Alfredo to "hold and use a valid state contractors license." The order directed DCSS to take no enforcement action on the $10,000 arrearage, "until further order of court or written stipulation" and directed DCSS to provide and serve upon the contractor's license board a release of lien or arrears, "except the $10,000 made without prejudice today." The October 2012 stipulation and order did not resolve the matter of Alfredo's arrearage, however, apparently because Alfredo failed to comply with its terms. The order set a November 28, 2012, hearing on Alfredo's June 2012 motion to determine

5

the arrearage, and directed Alfredo to provide Gloria with copies of the cancelled checks he had written for child and spousal support.

On November 4, 2012, counsel for Alfredo filed a supplemental declaration claiming that the total arrearage was $2,204 through May 30, 2010, but the record includes no copies of any cancelled checks or other receipts supporting the $2,204 calculation. Apparently, Alfredo never produced the cancelled checks or other receipts to support his claim that the arrearage was $2,204 through May 30, 2010, or less than the amount the court ultimately determined. Apparently for this reason, Alfredo's child and spousal support arrearage was never reduced to $10,000, pursuant to the October 2012 stipulation and order.

In response to Alfredo's June 2012 motion to determine the arrearage, Gloria filed a payment history and claimed the arrearage was $62,000.93 through October 2012—the difference between the amount ordered paid, $156,973, and the amount Alfredo paid, $94,972.07. The June 2012 motion was taken off calendar, but on November 28, 2012, the court found the motion had been "vacated in error," restored it to the calendar, and continued it to January 7, 2013. The June 2012 motion was further continued to March 11, 2013, then to June 3, 2013, pursuant to a stipulation of the parties.

Meanwhile, on January 18, 2013, Alfredo filed a *motion to modify his child and spousal support obligations*, retroactive to January 1, 2011, when he became unemployed. Along with the January 2013 motion, Alfredo prepared and the court clerk issued a subpoena to DCSS to produce any and all records concerning any public

6

assistance Gloria received after June 21, 2005. The January 2013 motion was originally scheduled to be heard on March 11, 2013, along with Alfredo's June 2012 motion to determine the arrearage.

In a response filed on May 17, 2013, to Alfredo's January 2013 motion to modify his support obligations, Gloria claimed the arrearage was $48,858.50 through April 2013, and submitted a payment schedule, along with copies of cancelled checks and other receipts, supporting her calculation. By a June 25, 2013, order, the court adopted Gloria's May 17, 2013, payment schedule and found that, except for two checks totaling $1,600, all of Alfredo's payments had been credited to the arrearage. The June 25, 2013, order directed DCSS to complete an audit of the arrearage and credit Alfredo's payments first to child support, then to spousal support. It appears, however, that DCSS did not complete the audit in time for the September 17, 2013, hearing.

In August and September 2013, Alfredo filed supplemental declarations claiming he had *overpaid* his child and spousal support obligations by $5,406.42. Alfredo also claimed he had no income; he did not receive $5,300 in monthly income from a family trust, as Gloria claimed; he was unable to earn a living because he had lost his driver's license and state contractor's license; and Gloria had failed to obtain employment, despite a 2006 order requiring her to make reasonable efforts to obtain employment. (Fam. Code, § 4320.)

In a supplemental response filed on September 11, 2013, Gloria claimed DCSS had under-calculated the arrearage, in part by giving Alfredo double credit for payments

7

made. Gloria claimed the arrearage was "approximately $73,000," while acknowledging Alfredo should receive credit for several payments he made in 2006 and for which he had recently produced receipts. In response to these claims, Alfredo claimed Gloria was "fraudulently" denying having received over $45,000 in support from him. Earlier, he asked the court to hold DCSS and one of its attorneys in contempt for failing to respond to his subpoena for any records concerning Gloria's receipt of public assistance funds while she was receiving child and spousal support from him, but the court denied the request.

On September 17, 2013, the parties appeared in court for a hearing on Alfredo's June 29, 2012 motion to determine his child and spousal support arrearage. Both parties were sworn and examined. The September 25, 2013, order, which was issued following the September 17 hearing, *did not determine the amount of the arrearage*. Apparently, DCSS did not complete its audit of the arrearage by the time of the September 17 hearing, pursuant to the court's June 25, 2013, order. The September 25, 2013, order nowhere states the amount of Alfredo's child and spousal support arrearage, as of any date. It appears that the court determined, in a subsequent November 22, 2013, order from which no appeal has been taken, that the arrearage was $67,828.79, at some point.

By the September 25, 2013, order, the court found and determined the following:

1. Court-ordered child support was reduced from $1,757 to $1,325, effective June 1, 2009, not December 15, 2009, as the January 7, 2010 order stated, because the parties' oldest child emancipated as of June 1, 2009;

8

2.  Alfredo's child support obligation for his two youngest children would be recalculated by DCSS, and made retroactive to February 1, 2013, because Alfredo filed his operative motion to modify his support obligations on January 18, 2013, and his previous modification requests had been taken off calendar;

3.  Alfredo was entitled to (a) an additional credit of $1,441 for April 2006, for a total credit of $2,282 for April 2006, (b) an additional credit of $800 for the month of November 2009, for a total credit of $1,550 for November 2009, and (c) an additional credit of $1,142 for the month of December 2006; and

4.  Alfredo's monthly income was $4,700, comprised of family trust income of $4,200 and rental income of $500, supported by a deposition statement submitted by Gloria (not part of the record on appeal).

## IV.  DISCUSSION

Alfredo raises a range of scattershot complaints in his opening brief.  His claims on appeal appear to be threefold, namely, that the court erroneously (1) failed to reduce his child and spousal support arrearage to zero, (2) failed to retroactively reduce his child and spousal support obligations to a date earlier than June 1, 2009, and (3) imputed too much income to him and too little to Gloria, for purposes of determining child and spousal support.  We find no merit to any of these claims.

9

A.  *Alfredo Has Not Shown He Was Entitled to More Credits Against His Child and*

*Spousal Support Arrearage Than He Was Given in the September 25, 2013, Order*

Alfredo first claims that, in determining the credits he was entitled to be given for

the payments he made against the arrearage, and in refusing to reduce the arrearage to

zero in its September 25, 2013, order, the family court erroneously "[i]gnored" his

"physical evidence, failed to properly credit support payments, and accepted without any

evidence whatsoever" the "false claims of unpaid support" advanced by Gloria, her

counsel, and DCSS.  The record does not support this claim.

It is axiomatic that judgments and orders are presumed correct on appeal, and the

appellant has the burden of overcoming this presumption by affirmatively demonstrating

error based on an *adequate record* on appeal.  (*Stasz v. Eisenberg* (2010) 190

Cal.App.4th 1032, 1039; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.)  The

record here is wholly insufficient to support Alfredo's claim that his child and spousal

support arrearage should have been reduced to zero by the September 25, 2013, order, or

that he was entitled to full credit for all support payments he was ordered to make.

Apparently, Alfredo's June 29, 2012, motion to determine the arrearage was

unaccompanied by copies of any cancelled checks or other receipts showing he paid the

amounts of child and spousal support he was ordered to pay and claimed he had paid.

Nor, apparently, did Alfredo ever produce proof of his alleged payments as he was

ordered to do by the October 2012 stipulation and order.  Instead, Alfredo merely

asserted, continually and without supporting evidence, and continues to assert on this

10

appeal, that he paid Gloria more than she and DCSS acknowledged he paid her and, accordingly, there was no arrearage.

By contrast to Alfredo's submissions, Gloria's May 17, 2013, payment schedule, which the court adopted by its June 25, 2013, order, was accompanied by copies of cancelled checks and other receipts showing the amounts Alfredo paid against his support obligations. Thereafter, additional receipts for payment were found, and Gloria acknowledged that Alfredo was entitled to the additional credits he was given. But the record contains no evidence, and Alfredo has now shown, that the arrearage was zero, or that he was entitled to *more credits* against his support obligations than he was given in the September 25, 2013, order—regardless of the amount of his total child and spousal support arrearage, which was not determined by the September 25, 2013, order.

B. *Retroactivity of the Child Support Modification Portion of the September 25 Order*

Alfredo next claims the family court erroneously refused to retroactively reduce his child support obligation, for his two youngest children, to a date earlier than February 1, 2013, the first day of the month after he filed his January 18, 2013, motion to modify his support obligations. By his January 18, 2013, motion, Alfredo asked the court to modify his child and spousal support obligations, retroactive to January 1, 2011, the date he claims he became unemployed.

A few points of clarification are in order. First, the September 25, 2013, order did not modify Alfredo's spousal support obligation. A hearing on that request was set on December 9, 2013. Second, the September 25, 2013, order reduced Alfredo's child

11

support obligation from $1,757 to $1,325 per month, retroactive to June 1, 2009—rather than to December 15, 2009, the date the child support obligation was reduced to $1,325 pursuant to the court's January 7, 2010, support modification order.

In its September 25, 2013, order the court found that the oldest of the parties' four children turned age 18 and was no longer in high school as of June 1, 2009. Support for the oldest child had been $431 per month ($1,757 minus $1,325). The $1,325 support obligation for the three other children included $431 for the second oldest child; $328 for the third oldest; and $566 for the youngest. Consistent with its September 25 order, the court's September 17 minute order states: "Court finds and sets child support to $1325 commencing June 2009."

The September 17 minute order further states: "Court finds the hearing for modification of child support set by the court on [January18, 2012] was taken off calendar on [May 21, 2012] and was never restored, *thus retroactivity can not be given*." (Italics added.) The minute order then states: "Court will not make a determination of community vs separate as to the property in trust. *DCSS to calculate current support for two children, order to commence 2/1/13*. DCSS to use $4700 income for [Alfredo] and impute minimum wage to [Gloria], all other factors to remain the same . . . ." (Italics added.)

Thus, the September 17 minute order directed DCSS to recalculate Alfredo's child support obligation for the parties' two youngest children *only*,[1] based on the court's findings regarding Alfredo's and Gloria's incomes or income capacities, and make *that* modified *support* obligation retroactive effective February 1, 2013, but not earlier. By his January 18, 2013, motion to modify his support obligations, Alfredo asked the court to modify his support obligations retroactive to January 1, 2011, the date he claimed he became unemployed.

As Alfredo points out, support modification orders should be made retroactive, unless the court finds good cause not to make the order retroactive and states its reasons on the record. (Fam. Code, §§ 3653, subds. (a), (b), 4333.) In its September 17 minute order, the court explained that it was making the modified child support obligation for the two youngest children retroactive to February 1, 2013, the first day of the month after Alfredo filed his January 18, 2013, motion to modify his support obligations, because Alfredo's previous motions to modify his support obligations had been taken off

---

[1] The court did not expressly find that Alfredo was no longer obligated to support the parties' second oldest child, who turned age 18 on March 22, 2010. In his moving papers, Alfredo claimed his support obligation for the second oldest child ceased, by operation of law, on April 1, 2010, because the second oldest child turned age 18 on March 22, 2010, and, at that time, was no longer in high school. Yet a finding that Alfredo was, at some point, no longer obligated to support the second oldest child— either on April 1, 2010, when the child was age 18 and no longer in high school, or on April 1, 2011, when the child had just turned age 19—is implicit in the September 17 minute order, in that it directs DCSS to recalculate Alfredo's support obligation for the parties' two youngest children *only*.

calendar. Specifically, Alfredo's January18, 2012, motion was taken off calendar on May 21, 2012, and was never restored.

Alfredo complains that his prior motions to modify his child support obligation were "always taken off calendar" at the request of DCSS, Gloria, and Ginsburg, "to [his] detriment." The record does not support this claim. The record does not indicate why Alfredo's January 18, 2012, support modification motion, or any other such motion, was taken off calendar. Alfredo's self-serving claim that Gloria, her counsel, and DCSS were solely responsible for taking his prior modification motions off calendar is entirely unsupported by the record.

Further, the court had no jurisdiction to retroactively modify Alfredo's child support obligation to a date earlier than February 1, 2013, based on his January 18, 2013, motion. As Gloria points out: "The Legislature has established a bright-line rule that accrued child support vests and may not be adjusted up or down. (See [Fam. Code,] §§ 3651, subd. (c)(1), 3653, subd. (a), 3692.) If a parent feels the amount ordered is too high—or too low—he or she must seek *prospective modification*. [Citations.] Accordingly, a trial court has no discretion to absolve an obligor of support arrearages, or interest thereon. [Citations.]" (*In re Marriage of Tavares* (2007) 151 Cal.App.4th 620, 625-626.)

C. *The Findings Regarding the Parties' Incomes and Earning Capacity*

Lastly, Alfredo claims the court erroneously directed DCSS to recalculate his child support obligation for his two youngest children based on too little income for Gloria and

too much income for him.  Specifically, he complains (1) the court erroneously imputed the minimum wage to Gloria, despite a 2007 vocational evaluation which found she was capable of earning around $40,000 per year, (2) DCSS and the court thwarted his efforts to subpoena records from DCSS showing that Gloria received public assistance funds, and (3) the court erroneously found he earned $4,700 per month, comprised of $4,200 in income from a family trust and $500 in rental income, when in fact he only had a one-seventh interest in the trust and his siblings held the other six-sevenths interest.

None of these attacks on the court's income-related findings have merit.  The September 17, 2013, minute order states, in part, that in calculating Alfredo's current child support obligation for the parties' two youngest children, DCSS was to "use $4700.00 income for [Alfredo] and impute minimum wage to [Gloria], all other factors to remain the same.  [Alfredo's] income is based upon trust income of $4200.00 per month and rental income of $500.00 per month. . . ."  The September 25 order further explains that "the deposition statement as submitted by [Gloria]" supported the court's findings regarding the parties' respective incomes.

The record does not include "the deposition statement as submitted by [Gloria]," upon which the court relied in making its income-related findings.  But both parties were sworn and examined at the September 17 hearing, presumably concerning their respective incomes and earning capacities, and the record contains no reporter's transcript of the September 17 hearing.  Thus, we have no idea what evidence the court might have taken or considered regarding the parties' incomes and earning capacities, beyond the

15

statements contained in their respective income and expense declarations. Alfredo's attack on the court's income-related findings is based on his view of what the court should have found, but Alfredo did not request and therefore waived his right to a statement of decision supporting the court's income-related findings, and the record does not indicate that no reasonable family court would have made the income-related findings that the court made here. (*In re Marriage of Jones* (1990) 222 Cal.App.3d 505, 515 [upon waiver of statement of decision, task of appellate court is limited to searching the record for any substantial evidence which will support the judgment].)

In her respondent's brief, counsel for Gloria represents that Alfredo's brother, William Peralta, admitted in a deposition that the Flora Peralta Irrevocable Trust, of which the court found Alfredo was trustee, included "a large storage facility on the Brennan property, wherein a number of people were storing goods and paying storage fees of $4,200.00 a month"; that the $4,200 in monthly income was being given to Alfredo; and Alfredo was using all of the income for his own purposes. The record also shows that the parties' youngest child was a special needs child. Thus, it appears that since 2007 Gloria may have been unable to secure employment at more than the minimum wage due to her ongoing need to care for the youngest child.

## V. DISPOSITION

The September 25, 2013, order of the family court is affirmed. Gloria shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

16

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.